Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| POWER SOLAR, LLC<br><br>*Peticionario*<br><br>v.<br><br><br>MUNICIPIO DE ARROYO P/C DE SU ALCALDE HON. ERIC BACHIER ROMÁN<br><br>*Recurrido* | KLCE202500512 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: GM2024CV00843 (303)<br><br>Sobre: Cobro de Dinero-Ordinario y otros |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de junio de 2025.

Comparece ante nos, Power Solar LLC (Power o peticionario) quien presenta recurso de *Certiorari* y nos solicita la revisión de la *Resolución Interlocutoria*[1] emitida y notificada el 27 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI o foro recurrido). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Moción en Solicitud de Sentencia Sumaria*[2] presentada por el peticionario.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, **expedimos** el auto de *Certiorari,* **revocamos** la *Resolución Interlocutoria* recurrida y, en consecuencia, dictamos sentencia sumaria a favor del peticionario.

**I.**

La génesis del caso de autos ocurrió cuando el Municipio de Arroyo (Municipio o recurrido) llevó a cabo una solicitud de

---

[1] Apéndice I del recurso de *Certiorari,* págs. 1-2.
[2] Apéndice V del recurso de *Certiorari,* págs. 28-57.

propuestas para la adquisición de baterías con paneles solares portátiles para su recarga e instalación[3]. El 26 de abril de 2023, el recurrido notificó que la entidad agraciada de la solicitud de la propuesta fue Power[4].

Así las cosas, el 18 de septiembre de 2023, las partes firmaron el *Contrato de Adquisición de Equipo Sufragado con Fondos CDBG*[5] (Contrato). En el mismo, el peticionario se comprometió a proveer:

> [E]l equipo (veintiocho (28) baterías DELTAS MAX 4600 W, PANEL SOLAR RIGIDO 100W, entregado e Instalado) de acuerdo a los documentos de contrato y especificaciones técnicas diseñadas y preparadas para el proyecto, por el precio ajustado de CINCUENTA Y UN MIL SEISCIENTOS OCHENTA Y OCHO DOLARES CON CERO CENTAVOS ($51,688.00), por la cantidad de veintiocho (28) baterías DELTAS MAX 4600 W, PANEL SOLAR RÍGIDO 100W por el precio de subasta de ($1,846.00 c/u x 28 = $51,688.00) asignados al proyecto 19-CV2-07-001-Program for the Acquisition of Batteries with Portable Solar Panels for Recharging to Assist Elderly Persons Directly or Indirectly Affected by COVID-19 in Different Neighborhoods of the Municipality of Arroyo. Phase 1 of 1, conviniendo suplir la mano de obra, los materiales y equipos necesarios para llevar a cabo la misma. El periodo de tiempo para la ejecución de los trabajos contratados es de noventa (90) días calendario, a partir de la fecha que se indique en la orden para comenzar los trabajos contratados[6].

Cabe destacar que, Power realizó la instalación y la entrega de los equipos dentro del término dispuesto en el *Contrato*[7]. El 5 de octubre de 2023, el peticionario remitió al Municipio una factura por el monto de cincuenta y un mil seiscientos ochenta y ocho dólares ($51,688.00)[8].

Transcurrido un tiempo sin haber recibido el correspondiente pago, Power se comunicó con el recurrido para requerirle el mismo. En respuesta, el Municipio le informó al peticionario que habían emitido el pago mediante transferencia electrónica bancaria a una

---

[3] Entrada núm. 1 y núm. 8 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] *Íd.*
[5] Apéndice II del recurso de *Certiorari*, págs. 12-22.
[6] *Íd.*, pág. 13.
[7] Entrada núm. 1 y núm. 8 de SUMAC.
[8] *Íd.*

cuenta que le fue requerida mediante una comunicación por correo electrónico[9].

En vista de lo anterior, el 25 de octubre de 2024, Power instó una *Demanda*[10] en contra del Municipio por cobro de dinero e incumplimiento de contrato. Por su lado, el 29 de enero de 2025, el recurrido presentó su contestación a la *Demanda* mediante *Urgente Moción Solicitando Retiro de Documento*[11].

Así pues, el 10 de febrero de 2025, el peticionario presentó *Moción en Solicitud de Sentencia Sumaria* en la cual requirió el pago de cincuenta y un mil seiscientos ochenta y ocho dólares ($51,688.00). Esta fue acompañada con una *Declaración Jurada*[12] del representante de Power.

Luego de que el Municipio solicitara prórroga para presentar su oposición a la moción de sentencia sumaria[13], y este no cumplir, el 25 de marzo de 2025, Power presentó *Moción para que se Dé por Sometida sin Oposición la Solicitud de Sentencia Sumaria del Demandante*[14]. Evaluada tal solicitud, el 27 de marzo de 2025, el foro recurrido emitió y notificó una *Resolución Interlocutoria* en la cual declaró *No Ha Lugar* la *Moción en Solicitud de Sentencia Sumaria* presentada por Power, debido a que, a su juicio, dicha moción no cumplió con los requisitos que establece la Regla 36 de las de Procedimiento Civil, *infra*, y su jurisprudencia interpretativa.

Inconforme, el peticionario solicitó reconsideración del dictamen emitido[15], no obstante, el TPI dictaminó lo siguiente:

> No Ha Lugar. La parte demandante no ha puesto al Tribunal en posición para adjudicar la solicitud de Sentencia Sumaria al no cumplirse con las exigencias de la Regla 36 de Procedimiento Civil. Aunque se incluyó copia del contrato, no existe evidencia en el expediente del Tribunal que el referido contrato haya sido registrado en la Oficina del

---

[9] Entrada núm. 1 y núm. 8 de SUMAC.
[10] Entrada núm. 1 de SUMAC.
[11] Apéndice IV del recurso de *Certiorari*, págs. 25-27.
[12] Apéndice V del recurso de *Certiorari*, págs. 41-42.
[13] Entradas núm. 11, 12 y 13 de SUMAC.
[14] Entrada núm. 14 de SUMAC.
[15] Apéndice II del recurso de *Certiorari*, págs. 3-22.

Contralor de conformidad con las normas de sana administración[16].

En vista de lo anterior, el 14 de abril de 2025, Power presentó *Moción en Cumplimiento de Orden*[17], a la cual anejó la información del *Contrato* debidamente registrado en la Oficina de Contralor el 21 de septiembre de 2023, bajo el número 2024-000052. Igualmente, solicitó que se tomara conocimiento judicial del registro del *Contrato*. Por su lado, el 24 de abril de 2025, el foro recurrido emitió y notificó una *Resolución Interlocutoria*[18] en la cual determinó: "No Ha lugar. Las Reglas de Procedimiento Civil no proveen para una segunda Reconsideración. Se señala Conferencia Inicial para el 3 de julio de 2025 a las 9:00 de la mañana mediante videoconferencia"[19].

Insatisfecho aun, el 9 de mayo de 2025, el peticionario acudió ante nos mediante el recurso de epígrafe y le imputó al TPI la comisión de los siguientes errores:

> Erró el TPI al entender que no podía resolver la Sentencia Sumaria presentada por la peticionaria Power Solar debido a que no se incluyó el contrato entre las partes y una vez presentado el contrato, no se incluyó certificación del contrato de haberse radicado en la Oficina del Contralor, a pesar de que el contrato está expresamente admitido por la parte demandada recurrida Municipio en su Contestación a Demanda y no existe controversia en el caso sobre la validez del referido contrato.

> Erró el TPI al disponer de la Sentencia Sumaria presentada por la peticionaria Power Solar sustentada conforme a derecho con declaración Jurada y prueba admisible.

> Erró el TPI al disponer de la Sentencia Sumaria presentada por la peticionaria Power Solar sin realizar determinaciones de hechos según dispone nuestro ordenamiento jurídico.

Mediante *Resolución* emitida el 14 de mayo de 2025[20], concedimos al recurrido un término de diez (10) días, para expresarse en torno a la expedición del auto de *Certiorari*. Transcurrido en exceso dicho término, sin que el recurrido se

---

[16] Apéndice VI del recurso de *Certiorari*, págs. 58-59.
[17] Entrada núm. 18 de SUMAC.
[18] Apéndice III del recurso de *Certiorari*, págs. 23-24.
[19] *Íd.*
[20] Notificada el 19 de mayo de 2025.

expresara, damos por perfeccionado el recurso ante nuestra consideración y procedemos a resolver sin el beneficio de su comparecencia. Por otro lado, destacamos que, el 2 de junio de 2025, Power presentó *Moción Solicitando se de por Sometido Solicitud de Certiorari sin Oposición de la Parte Demandada,* la cual declaramos Ha Lugar.

## II.

### -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[21] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[22]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[23]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[24]

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[25]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra,* faculta nuestra intervención en

---

[21] 32 LPRA Ap. V, R. 52.1.
[22] 4 LPRA Ap. XXII-B, R. 40.
[23] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[24] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[25] *García v. Padró,* 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 180 (1992).

situaciones determinadas por la norma procesal. En específico

establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u
> órdenes interlocutorias dictadas por el Tribunal de Primera
> Instancia, solamente será expedido por el Tribunal de
> Apelaciones cuando se recurra de una resolución u orden
> bajo las Reglas 56 y 57 o de la denegatoria de una moción de
> carácter dispositivo. No obstante, y por excepción a lo
> dispuesto anteriormente, el Tribunal de Apelaciones podrá
> revisar órdenes o resoluciones interlocutorias dictadas por el
> Tribunal de Primera Instancia cuando se recurra de
> decisiones sobre la admisibilidad de testigos de hechos o
> peritos esenciales, asuntos relativos a privilegios
> evidenciarios, anotaciones de rebeldía, en casos de
> relaciones de familia, en casos que revistan interés público o
> en cualquier otra situación en la cual esperar a la apelación
> constituiría un fracaso irremediable de la justicia. Al denegar
> la expedición de un recurso de *certiorari* en estos casos, el
> Tribunal de Apelaciones no tiene que fundamentar su
> decisión[26].
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del

Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra

jurisdicción discrecional en estos recursos dispone que para expedir

un auto de certiorari, este Tribunal debe tomar en consideración los

siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida a
> diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada
> para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y
> manifiesto en la apreciación de la prueba por el Tribunal de
> Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida
> a la luz de los autos originales, los cuales deberán ser
> elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se encuentra el caso
> es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa
> no causan un fraccionamiento indebido del pleito y una
> dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa
> evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos

uno de estos criterios aconseja la revisión del dictamen recurrido.

Es decir, el ordenamiento impone que ejerzamos nuestra discreción

---

[26] 32 LPRA Ap. V, R. 52.1.

y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

El mecanismo procesal de la sentencia sumaria surge de la Regla 36 de las de Procedimiento Civil[27]. Por medio de este mecanismo, una parte puede solicitar que el tribunal que dicte sentencia sumaria de la totalidad de la reclamación o de parte de esta[28]. Sin embargo, la sentencia sumaria solo está disponible para la disposición de aquellos casos que sean claros; cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda; y que solo reste por disponer las controversias de derecho existentes[29].

Por su parte, el promovente de una sentencia sumaria deberá establecer, mediante declaraciones juradas o con prueba admisible en evidencia, que no existe controversia real respecto a hechos materiales de la controversia[30]. Por hechos materiales se entienden aquellos que pueden afectar el resultado de una reclamación de acuerdo con el derecho sustantivo[31].

En contraste, el oponente a la moción de sentencia sumaria está obligado a establecer que existe una controversia que sea real por lo cual cualquier duda es insuficiente para derrotar una solicitud de sentencia sumaria[32]. En efecto, la duda debe ser tal que permita concluir que existe una controversia real y sustancial sobre los hechos materiales[33]. De esta manera, la parte promovida debe puntualizar los hechos propuestos que pretende controvertir, hacer referencia a la prueba específica que sostiene su posición[34]. Es decir,

---

[27] 32 LPRA Ap. V, R. 36.
[28] *Vera v. Dr. Bravo*, 161 DPR 308, 332 (2004).
[29] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911-912 (1994).
[30] *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015).
[31] *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).
[32] *Meléndez González et al. v. M. Cuebas, supra*, pág. 110.
[33] *Íd.*
[34] *León Torres v. Rivera Lebrón,* 204 DPR 20, 44 (2020).

"la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa"[35]. No puede descansar en meras aseveraciones o negaciones de sus alegaciones, sino que debe proveer contra declaraciones juradas y documentos que sustenten los hechos materiales en disputa[36].

Entretanto, la Regla 36.3 de las de Procedimiento Civil establece el procedimiento para la consideración de la moción de sentencia sumaria, así como el contenido de la moción y de la contestación de la parte promovida[37]. Respecto a la moción para que, se dicte una sentencia sumaria, la Regla 36.3 (a) de Procedimiento Civil dispone que la misma tiene que desglosar lo siguiente:

> (1) una exposición breve de las alegaciones de las partes;
> (2) los asuntos litigiosos o en controversia;
> (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
> (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
> (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y
> (6) el remedio que debe ser concedido[38].

Por otra parte, la Regla 36.3 (b) de las de Procedimiento Civil dispone que la contestación a la moción de sentencia sumaria debe contener, además de los sub incisos (1), (2) y (3) del inciso (a): una relación de los hechos esenciales y pertinentes que están en controversia, con referencia a los párrafos enumerados por la parte promovente y con indicación de la prueba en la que se establecen esos hechos; una enumeración de los hechos que no están en controversia; y las razones por las cuales no se debe dictar la

---

[35] *Íd.,* pág. 44.
[36] *Ramos Pérez v. Univisión, supra*, págs. 215-216.
[37] 32 LPRA Ap. V, R. 36.3.
[38] 32 LPRA Ap. V, R. 36.3 (a).

sentencia, conforme al derecho aplicable[39]. Asimismo, cuando se presente una solicitud de sentencia sumaria conforme a la Regla 36 de las de Procedimiento Civil, *supra*, "la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede"[40].

Igualmente, la Regla 36.3 de las de Procedimiento Civil[41], dispone que:

[...]

(e) La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que como cuestión de derecho el tribunal debe dictar sentencia sumaria a favor de la parte promovente.

[...]

Como mencionamos anteriormente, la parte promovente de una solicitud de sentencia sumaria está obligada a establecer, mediante prueba admisible en evidencia, la inexistencia de una controversia real respecto a los hechos materiales y esenciales de la acción. Además, deberá demostrar que, a la luz del derecho sustantivo, amerita que se dicte sentencia a su favor[42]. Para que tal sea el resultado, viene llamado a desglosar, en párrafos numerados, los hechos respecto a los cuales aduce que no existe disputa alguna. Una vez expuestos, debe especificar la página o párrafo de la declaración jurada u otra prueba admisible que sirven de apoyo a

---

[39] 32 LPRA Ap. V, R. 36.3 (b).
[40] 32 LPRA Ap. V, R. 36.3 (c).
[41] 32 LPRA Ap. V, R. 36.3 (e).
[42] *Rodríguez García v. UCA*, 200 DPR 929 (2018), Ramos Pérez v Univisión, 178 DPR 200 (2010), *Sucn. Maldonado v. Sucn. Maldonado,* 166 DPR 154, (2005); *Vera v Dr. Bravo, supra.*

su contención[43]. Cuando de las propias alegaciones, admisiones o declaraciones juradas, surge una controversia bonafide de hechos, la moción de sentencia sumaria resulta ser improcedente. Ante ello, el tribunal competente debe abstenerse de dictar sentencia sumaria en el caso y cualquier duda en su ánimo, lo debe llevar a resolver en contra de dicha solicitud[44].

El Tribunal Supremo de Puerto Rico ha expresado en varias ocasiones que la sentencia sumaria es un remedio extraordinario y discrecional que solo se debe conceder cuando no existe una controversia genuina de hechos materiales y lo que resta es aplicar el derecho[45]. En términos generales, al dictar sentencia sumaria, el tribunal deberá hacer lo siguiente:

(1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los que se incluyen con la moción en oposición, así como aquellos que obren en el expediente del tribunal;

(2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos[46].

Analizados estos criterios, el tribunal no dictará sentencia sumaria cuando: "(1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho, no proceda"[47]. La sentencia sumaria se puede dictar a favor o en contra de la parte que la solicita, según proceda en Derecho[48].

Por tratarse de un remedio discrecional, el uso del mecanismo de sentencia sumaria tiene que ser mesurado y solo procederá

---

[43] 32 LPRA Ap. V, R. 36.3 (a)(4); *Roldán Flores v. M. Cuebas, et al.*, 199 DPR 664, (2018); *SLG Zapata-Rivera v. J.F.,* 189 DPR 95 (2013).
[44] *Vera v Dr. Bravo, supra*; *Mgmt. Adm. Servs., Corp. v. ELA*, 152 DPR 599 (2000).
[45] *Maldonado v. Cruz*, 161 DPR 1, 39 (2004).
[46] *Vera v. Dr. Bravo, supra*, 334.
[47] *Íd.*, págs. 333-334; *Acevedo Arocho v. Depto. Hacienda y otros*, 212 DPR 335, 336 (2023).
[48] *Maldonado v. Cruz, supra*, pág. 39.

cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos[49]. De tal manera, solo procede dictar sentencia sumaria cuando surge claramente que el promovido por la moción no puede prevalecer bajo ningún supuesto de hechos y que el tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia[50]. Cuando no existe una clara certeza sobre todos los hechos de la controversia, no procede una sentencia sumaria[51]. Cualquier duda sobre la existencia de una controversia sobre los hechos materiales, debe resolverse contra la parte promovente[52]. Toda inferencia que se haga a base de los hechos y documentos que obren en los autos, debe tomarse desde el punto de vista más favorable al que se opone a la solicitud de sentencia sumaria[53]. Así pues, tomando en consideración que la sentencia sumaria es un remedio de carácter discrecional, "[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley"[54].

Es importante mencionar que, este Tribunal utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una moción de sentencia sumaria[55]. Por consiguiente, los criterios que este foro intermedio debe tener presentes al atender la revisión de una sentencia sumaria son los siguientes:

(1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil y la jurisprudencia le exigen al foro primario;

(2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36;

(3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de

---

[49] *Vera v. Dr. Bravo, supra*, pág. 334.
[50] *Nieves Díaz v. González Massas*, 178 DPR 820, 848 (2010).
[51] *Metrop. de Préstamos v. López de Victoria*, 141 DPR 844 (1996).
[52] *Rosario v. Nationwide Mutual*, 158 DPR 775, 780 (2003) citando a *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 575 (1997).
[53] *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 610- 611 (2000).
[54] *Roig Com. Bank v. Rosario Cirino*, 126 DPR 613, 617 (1990).
[55] *Vera v. Dr. Bravo, supra*, pág. 334.

la Regla 36.4 de Procedimiento Civil, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

(4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia[56].

Finalmente, y como norma general, si la moción procede en derecho, el tribunal debe dictar la sentencia sumaria "a favor del promovente si la parte contraria no responde de forma detallada y específica a una solicitud debidamente formulada"[57]. Si el Tribunal de Primera Instancia considera que no procede dictar sentencia sumaria en el caso que tiene ante sí, o que no procede conceder ese remedio en su totalidad, es obligatorio que cumpla con lo expuesto en la Regla 36.4 de las de Procedimiento Civil[58], la cual dispone que:

Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, **será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia.** Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. (Énfasis nuestro).

En conclusión, es menester consignar los hechos que, a juicio del TPI, están en controversia y aquellos que no lo están para entender cuáles son los hechos que impiden que se dicte la sentencia sumaria en su totalidad.

**III.**

De acuerdo con el marco jurídico antes reseñado, la Regla 52.1 de Procedimiento Civil, *supra*, faculta a este foro intermedio apelativo a revisar las resoluciones interlocutorias dictadas por el TPI, en especial, cuando se recurre de una denegatoria de una

---

[56] *Roldan Flores v. M Cuebas*, 199 DPR 664, 679 (2018).
[57] *SLG Zapata-Rivera v. J. F. Montalvo*, 189 DPR 414, 432 (2013).
[58] 32 LPRA Ap. V, R. 36.4.

moción de carácter dispositivo. Es por eso que, al ser una *Resolución Interlocutoria* de la cual se recurre y dirigida a una denegatoria de una *Moción de Sentencia Sumaria,* nos encontramos en posición para expedir el recurso solicitado.

Como mencionamos en la exposición del derecho, el primer y segundo paso del estándar que este Tribunal debe utilizar para revisar la concesión o denegatoria de una solicitud de sentencia sumaria es una revisión *de novo* del expediente del caso de autos y corroborar que tanto la solicitud como la oposición a sentencia sumaria cumplen con los requisitos de la Regla 36 de Procedimiento Civil, *supra.*

Evaluada la *Moción en Solicitud de Sentencia Sumaria* presentada por Power ante el foro recurrido, determinamos que, este cumplió con el requisito de forma exigido por la Regla 36.3 (a) de las de Procedimiento Civil, *supra.* Esto, debido a que el peticionario expuso: (1) una breve introducción de las alegaciones de las partes[59]; (2) los asuntos que no estaban en controversia[60]; (3) causa sobre la cual se solicitó sentencia sumaria[61]; (4) los hechos que no estaban en controversia en párrafos enumerados con indicaciones de prueba admisible en evidencia y las páginas de la *Declaración Jurada* del señor Rodríguez[62]; (5) el derecho aplicable y las razones por las cuales debía ser dictada la sentencia[63]; (6) el remedio que debía ser concedido, entiéndase, el pago de cincuenta y un mil seiscientos ochenta y ocho dólares ($51,688.00)[64].

Es menester puntualizar que, la *Moción en Solicitud de Sentencia Sumaria* se fundamentó en las admisiones realizadas por el Municipio cuando somete la *Contestación a la Demanda*[65], prueba

---

[59] Apéndice V del recurso de *Certiorari*, págs. 29-30.
[60] *Íd.*, págs. 30-31.
[61] *Íd.*, pág. 31.
[62] *Íd.*, págs. 31-34.
[63] *Íd.*, págs. 34-39.
[64] *Íd.*, pág. 39.
[65] Entrada número 8 de SUMAC.

digital, entiéndase correos electrónicos entre funcionarias del Municipio, empleado de Power y un tercero. Además, incluye una declaración jurada del representante de Power, donde declaró lo siguiente:

[...]

3. Que Power Solar firmó con el Municipio de Arroyo, el Contrato de Adquisición de Equipo sufragado con fondos CDBG (en adelante, el Contrato).

4. Que fui la persona a cargo de la ejecución del Contrato y responsable de las gestiones de facturación y cobro.

5. Que el método de pago que utilizamos y acordamos con el Municipio para recibir los pagos por las labores realizadas es por cheque y que el contrato o relación posterior entre las partes no se acordó emitir un pago de forma electrónica.

6. Que ningún funcionario de Power Solar se comunicó con el Municipio de Arroyo vía correo electrónico o verbalmente para cambiar el método de pago informado (cheque) a otro tipo de método de pago.

7. Que mi dirección de correo electrónica corporativa es: jeanrodriguez@powersol**a**rpr.com.

8. Que luego de varios meses de haberse completado el trabajo sin recibir el pago por la labor realizada me comunique con la Sra. Brenda Casanova del Municipio que indicó que el Municipio había emitido el pago par transferencia bancaria a solicitud mía.

9. Que le indique al Municipio que nunca se había solicitado el cambio de método de pago.

10. Que ningún funcionario de Power Solar se comunicó con el Municipio de Arroyo vía correo electrónico o escrito o verbal para cambiar el método de pago informado (cheque) a otro tipo de método de pago.

11. Que, al verificar sus correos electrónicos, la Sra. Brenda Casanova se percata que el correo electrónico de cual le estaban escribiendo no era el nuestro ni uno utilizado anteriormente por Power Solar.

12. El Municipio de Arroyo alega que recibió un correo electrónico con el nombre de Jean Paul Rodríguez, con la siguiente dirección: jeanrodriguez@powersol**e**rpr.com solicitando que el pago de la factura de Power Solar se hiciera por el método de ACH a una cuenta de Chase Bank fuera de Puerto Rico.

13. Ese mensaje no sale de una cuenta de Power Solar ni de una de sus cuentas oficiales autorizados.

14. El Municipio de Arroyo alega que efectuó el pago de $51,688.00 a la cuenta de Chase Bank.

15. Que Power Solar no tiene ninguna cuenta bancaria con Chase Bank ni ha recibido el pago que se alega se emitió.

16. Que a la fecha actual no se ha recibido el pago de $51,688 correspondiente a la labor realizada al Municipio de Arroyo[66].

Por otra parte, surge del tracto procesal que el recurrido, a pesar de que solicitó prórroga para presentar su oposición a la sentencia sumaria, y tras el tribunal concedérsela, este no la presentó. Recordemos que, cuando se presente una solicitud de sentencia sumaria conforme a la Regla 36 de Procedimiento Civil, *supra*, "la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede"[67]. Sin embargo, puntualizamos que **es el análisis de la existencia o no de controversias esenciales y pertinentes** lo que determina si procede dictar sentencia sumaria y no el que la parte contraria no haya presentado su oposición a la solicitud. Es decir, el defecto de una oposición a la moción de sentencia sumaria no equivale a la concesión automática del remedio solicitado. **Ello, debido a que la concesión de la sentencia sumaria tiene que proceder conforme al derecho sustantivo aplicable**[68].

Establecido que el Municipio no se opuso a la *Moción en Solicitud de Sentencia Sumaria* conforme a los parámetros de la Regla 36 de Procedimiento Civil, *supra*, debemos determinar si existen hechos en controversia que impidan la adjudicación sumaria de la reclamación de cobro de dinero ante nos.

Por consiguiente, al revisar de *novo* el dictamen recurrido, apuntalamos que, el TPI no consigna las determinaciones de hechos que, a su juicio, están en controversia y aquellos que no lo están,

---

[66] Apéndice V del recurso de *Certiorari*, págs. 41-42.
[67] 32 LPRA Ap. V, R. 36.3 (c).
[68] *Ortiz v. Holsum de P. R., Inc.*, 190 DPR 511, 525 (2014).

para entender cuáles son los hechos que impiden que se dicte la sentencia sumaria en su totalidad.

Resulta necesario destacar que, en el caso de autos, no hay controversia en cuanto a que el Municipio llevó a cabo una solicitud de propuesta para la adquisición de baterías con paneles solares portátiles; que Power fue la entidad agraciada; que el 18 de septiembre de 2023, las partes firmaron un *Contrato de adquisición de equipo*, Contrato Núm. 2024-00052, sufragado con fondos CDBG; que Power cumplió con el periodo de tiempo de ejecución establecido en el *Contrato* y, que realizó la entrega e instalación de los equipos según el término dispuesto en el mismo.

De lo anterior, es razonable concluir que nos corresponde realizar las determinaciones de hechos **no controvertidos**, las cuales procedemos a consignar:

1. El 18 de septiembre de 2023, las partes firmaron el *Contrato de adquisición de equipo,* (Contrato Núm. 2024-00052), sufragado con fondos CDBG[69].

2. El 21 de septiembre de 2023, el contrato fue registrado en la Oficina del Contralor de Puerto Rico[70].

3. La cantidad pactada fue $ 51,688.00.

4. El Contrato Núm. 2024-00052 no establece la forma para realizar el pago[71].

5. Power cumplió con el periodo de tiempo de ejecución establecido en el *Contrato* y, realizó la entrega e instalación de los equipos según el término dispuesto en el mismo[72].

6. El Sr. Jean Carlo Rodríguez, era la persona de Power Solar a cargo de la ejecución del Contrato y responsable de las gestiones de facturación y cobro[73].

7. La señora Iris Torres Villegas, directora de la Oficina de Programas Federales, cursó un correo electrónico el 19 de

---

[69] Hecho admitido en la Contestación a la Demanda, véase apéndice IV del recurso de *Certiorari*, pág. 25.

[70] Tomamos conocimiento judicial conforme con la Regla 201 de Evidencia, 32 LPRA Ap. IV, sobre el Registro de Contratos de la Oficina del Contralor de Puerto Rico, 12 de junio de 2025, https://consultacontratos.ocpr.gov.pr/

[71] Apéndice II del recurso de *Certiorari*, págs. 12-22.

[72] Hecho admitido en la Contestación de la Demanda, véase apéndice IV del recurso de *Certiorari*, pág. 25.

[73] Registro de Contratos de la Oficina del Contralor de Puerto Rico, 12 de junio de 2025, https://consultacontratos.ocpr.gov.pr/

diciembre de 2023, donde admite que el método de pago escogido por Power fue cheque y ahora piden transferencia[74].

8. El Municipio realizó un pago de $51,688.00, sin embargo, desconoce quién fue el recipiente del pago[75].

9. Power Solar, a la fecha actual, no ha recibido el pago de $51,688.00 correspondiente a la labor realizada al Municipio de Arroyo.

Cabe señalar que los errores primero y tercero versan sobre las admisiones realizadas por el Municipio cuando contesta la demanda y la carencia de determinaciones de hechos en la *Resolución* aquí impugnada. Como dijéramos previamente, el foro primario no realizó las determinaciones de hechos controvertidos e incontrovertidos esenciales y pertinentes a la controversia como exige la Regla 36.4 de las Reglas de Procedimiento Civil[76]. Por otro lado, la *Resolución Interlocutoria* impugnada determina que la *Moción en Solicitud de Sentencia Sumaria* presentada por Power incumple con los requisitos que establece la Regla 36, por no incluir el contrato otorgado entre las partes. No obstante, lo cierto es que, el Municipio admite[77] en la contestación a la demanda la existencia de la otorgación del contrato entre las partes y que también se cumplieron las normas de contratación gubernamental. En vista de nuestro análisis de *novo*, el foro primario cometió estos dos errores señalados por el peticionario.

---

[74] Apéndice V del recurso de *Certiorari*, pág. 57.

[75] Apéndice IV del recurso de *Certiorari* , pág. 26.

[76] 32 LPRA Ap. V, R. 36.4: Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, **será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso, una vista evidenciaria limitada a los asuntos en controversia.** Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. (Énfasis nuestro).

[77] *Cuando se hace una admisión judicial, especialmente formal, el hecho o documento admitido ya no está en controversia y no sería necesario pasar prueba para probarlo.* C. T. Lugo Irizarry, Las Admisiones Judiciales y su impacto en la Litigación Civil, 52 Rev. Jur. UIPR 43, (2017-2018).

Referente al segundo error, Power aduce que el TPI podía disponer del caso vía sentencia sumaria porque la *Moción en Solicitud de Sentencia Sumaria* se sustenta en derecho con una declaración jurada y prueba admisible[78]. Entonces, al examinar la declaración jurada en cuyo contenido se apoyó el peticionario para solicitar el pago adeudado, resulta evidente que, en su párrafo 5, pretende establecer que el método de pago acordado con el Municipio para recibir los pagos por las labores realizadas es por cheque y no se acordó emitir un pago de forma electrónica. En su alegato, esboza que fue un hecho admitido en la contestación a la demanda del Municipio[79]. Sin embargo, al revisitar la contestación a la Demanda[80], el Municipio niega dicha alegación.

Como mencionáramos, el Contrato Núm. 2024-00052 no establece el método de pago. No obstante, Power, para sostener su postura, anejó copia de varios correos electrónicos cuyas direcciones electrónicas son:

> Jean Rodriguez jeanrodriguez@powersol**a**rpr.com,
> Jean Rodriguez, jeanrodriguez@powersol**e**rpr.com,
> Iris Torres Villegas, *Director Federal Program Office*, programafederalarroyo@yahoo.com,
> Eugenia Devarié Peña Directora de Finanzas Municipio de Arroyo
> arroyooficinafinanzas@yahoo.com.

Revisados todos los correos electrónicos, destacamos que el 19 de diciembre de 2023, a las 3.11 pm, la directora Iris Torres Villegas, de la oficina programas federales del Municipio, remite al correo electrónico de jeanrodriguez@powersol**e**rpr.com, lo siguiente:

> ¡Buenos días!
>
> Según contrato 2024-000052 establece que el pago del equipo eran con fondos provenientes del proyecto CV02-19-001 por la cantidad de $51,487.35 y con fondos Municipales cargado a la partida 01-02-04-94.65 por la cantidad de $200.65. Más sin embargo, Departamento de la

---

[78] Véase Recurso de *Certiorari*.
[79] Véase Recurso de *Certiorari*, pág. 2 y Apéndice V del recurso, pág. 41.
[80] Apéndice IV del recurso, pág. 25.

Vivienda realizó un ajuste en la factura y recibimos el desembolso por la cantidad de $49,842.00.

Finanzas Municipal realizará el pago por la cantidad ya establecida en contrato de los $200.65 más la diferencia que no fue pagada por Vivienda de $1,645.35. Finanzas, favor dejarle saber a Jean si necesitan una factura nueva o pueden proceder con la que habían entregado. Entiendo que este pago por la cantidad de $1,846.00 se realizará ya para enero cuando regresemos de receso de Navidad.

Jean, en la factura entregada por los $51,688 **el método de pago escogido por ustedes es de cheque y ahora lo piden por transferencia.** Para el próximo pago será igual? [Enfásis suplido].

Cordialmente,

Iris Torres Villegas
Director Federal Program Office Arroyo Municipality
Office: (787) 839-3500 ext. 379 Email: programafederalarroyo@yahoo.com

Ese mismo día, a las 3:41, jeanrodriguez@powersol**e**rpr.com responde a la funcionaria del Municipio:

**Hemos cambiado nuestro método de pago** a la transferencia Ach como pago con cheque está causando flujo de caja a nuestra empresa nuestro método preferido de recibir el pago ahora es a través de transferencia ACH, por nuestro asesoramiento bancario… [Enfásis suplido].

De lo anterior, resulta imperativo colegir que la funcionaria del Municipio entendió que estaba comunicándose con la persona autorizada por Power, empero, no se percata que el correo electrónico era diferente al correo electrónico oficial del peticionario. Así pues, el Municipio sustituye la forma de pago del cheque por la transferencia electrónica, conforme a lo solicitado por ese tercero.

En consecuencia, Power no recibe el pago y el Municipio arguye escuetamente en la contestación a la demanda que fue timado por un funcionario, agente, empleado de la demanda o una tercera persona y que el asunto se encuentra bajo investigación de la Policía de Puerto Rico[81].

Es norma reiterada que existe un mandato constitucional que obliga e impone al Estado y los Municipios la normativa para el cumplimiento de controles fiscales y de contratación

---

[81] *Íd.*

gubernamental[82]. Examinado el legajo apelativo, no existe controversia sobre la validez del contrato y, colegimos que, las partes cumplieron con los requisitos de contratación gubernamental.

En el caso de autos, Power presenta claramente las razones por las cuales se debe dictar sentencia sumaria a su favor, argumenta el derecho que a su entender es aplicable y solicita el remedio a ser concedido. Así pues, concluimos que no existen hechos en controversia. Por tal razón, determinamos que el TPI no aplicó correctamente el derecho a la controversia. Es un hecho cierto que el Municipio, al efectuar el pago de $51,688.00 a favor de un tercero (que no es Power)[83], no extinguió la obligación original establecida en el Contrato Núm. 2024-00052. A esos efectos, procede ordenar que el Municipio realice el correspondiente pago de $ 51,688.00 a favor del peticionario[84].

**VI.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, ***revocamos*** la *Resolución Interlocutoria* recurrida, dictamos sentencia sumaria a favor del peticionario y ordenamos que se proceda con el pago reclamado ascendente a $51,688.00.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[82] *Jaap Corp. v. Depto. Estado et al.*, 187 DPR 730, 739 (2013); *Quest Diagnostics v. Mun. San Juan*, 175 DPR 994, 1000 (2009)

[83] Se exhorta al municipio que capacite a sus funcionarios con relación al fraude por correo electrónico, "phishing" y sus diversas modalidades.

[84] Véase Artículo 1123. — Legitimación para recibir el pago. (31 LPRA secc. 9161). Para que el pago sea válido, debe hacerse a la persona en cuyo favor se constituyó la obligación o a otra que haya autorizado el acreedor, la ley o el tribunal para recibirlo en su nombre.